## LEVI HEDGE *vs.* PATRICK McQUAID.

The payee of a note signed by A. delivered it up upon a receipt of another note
for the same sum signed by B., who acted as agent for A., and whom the payee
erroneously supposed to be the signer of the first note. *Held,* that A. was still
liable on the first note, the second having been tendered at the trial, without
any damage having been occasioned to any one by the delay.

THIS action was commenced March 19th, 1852, on a prom-
issory note, dated March 6th, 1851, payable to Hugh Cum-
miskey, and by him indorsed to the plaintiff. At the trial, in
the court of common pleas, before *Wells,* C. J. the note was
not produced, and the plaintiff, to account for its nonproduc-
'ion, offered evidence tending to prove that a short time before
the note in suit became due, he gave it up, upon the delivery
to him of another note for the same amount, payable March
7th, 1852, signed by Francis McQuaid, a brother of the defend-
ant, indorsed by said Cummiskey, and that when he took this
last-mentioned note, he fully believed that he was negotiating
with the defendant personally, and that he took the note believ-
ing it to be the note of said defendant, and not of the said
Francis, and as a renewal of the former note. The last-men-
tioned note was produced at the trial, and placed upon the
files of the court for the benefit of whomsoever it might con-
cern. There was no evidence of notice or demand given by
the plaintiff to the defendant, before the commencement of
this action.

The defendant offered evidence tending to prove that the
plaintiff knew, at the time he was taking the note of said Francis,
and did not suppose he was taking the note of said Patrick.
This evidence was left to the jury, with instructions to find
for the defendant, unless the plaintiff satisfied them that the
note of defendant was given up, and that of Francis taken
in its place, through mistake and misapprehension on the
part of plaintiff, or by means of fraud practised by defendant.

The judge ruled that whether the jury found fraud or not
on the part of defendant, or any other person acting in his
behalf, it was not necessary for the plaintiff to return said

new note to the defendant or any other person, or give any notice to the plaintiff, or make any demand upon him before the commencement of this action, unless the defendant, being an innocent party, had sustained loss or damage by reason of the said mistake of the plaintiff and want of notice, in which case said loss or damage must be borne by the plaintiff.

The jury returned a verdict for the plaintiff, and in answer to the inquiry of the presiding judge, said they did not find any fraud. The defendant excepted to the ruling.

The case was determined at Boston, in January, 1854.

*B. Poole*, for the defendant.

*B. F. Butler*, for the plaintiff.

BIGELOW, J. It is admitted by the parties, that Francis McQuaid, in giving his own note in exchange for and payment of the note declared on, acted as the agent of his brother, the defendant in this case. The transaction is therefore to be regarded in the same light as if it had taken place directly between the parties to this suit. The verdict of the jury has established the further fact, that the note signed by the defendant was given up, and the note of Francis McQuaid taken in its stead by the plaintiff, under a mistake, and that he intended only to renew the defendant's note, and not to receive the note of a third person, and thereby to discharge the defendant from liability. Upon these facts, it seems to us quite clear that no valid contract was entered into between the parties, by which the note in suit has been paid. The essential element of the assent of both parties to the agreement, without which it can have no validity, is wanting. The plaintiff held a valid note against the defendant, which has never been paid or surrendered in the manner and for the consideration agreed to by him. The case is analogous to money paid under a mistake of facts, or the payment of a note with counterfeit bills, when the party making the payment is innocent of any fraud. In the former case, an action for money had and received will lie to recover the money back; in the latter to recover the balance due on the note, which has been given up as paid. *Young* v. *Adams*, 6 Mass

30*

182, 190. Besides: the taking of the note of a third party for the note in suit was only *primâ facie* evidence of payment, and it being proved that it was received through mistake, and that the plaintiff never agreed to take the note of such third person in discharge of the note due from the defendant, the presumption of payment is rebutted. *Ramsdell* v. *Soule*, 12 Pick. 126; *French* v. *Price*, 24 Pick. 13, 21. It is not a valid answer to the plaintiff's claim that the mistake in taking the note arose from the negligence or carelessness of the plaintiff. In cases where a party has a legal cause of action, founded upon his own mistake, it is wholly immaterial to what cause the error was attributable, if the defendant suffers no damage from it. The only question is, whether it was really made, and if the position of the defendant is not materially changed thereby, and he has suffered no damage in consequence of it, the legal right of the party to maintain his action, cannot be defeated by proof that the mistake arose from his own laches. *Lucas* v. *Worswick*, 1 Moo. & Rob. 293; *Kelly* v. *Solari*, 9 Mees. & Welsb. 54; *Bell* v. *Gardiner*, 4 Man. & Grang. 11; *Marriott* v. *Hampton*, 2 Smith's Lead. Cas. 243, 244 note.

The surrender of the note of the third person by the plaintiff at the trial was, under the circumstances of the case, seasonable, and the instructions given to the jury on this point were correct and in conformity with the authorities. *Thurston* v. *Blanchard*, 22 Pick. 18; *Shaw* v. *Methodist Society*, 8 Met. 223, 227. It did not appear that any other person had any right or claim to the note except the defendant, and the jury have found that he had sustained no loss or damage by reason of its not having been given up to him before the trial.

*Exceptions overruled.*